### IN THE UNITED STATES DISTRICT
### COURT FOR THE SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| **PEKIN INSURANCE COMPANY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No.** |
| | ) | |
| **GOLDEN TREE, LLC,** | ) | |
| **SAMUEL MARTINEZ, III, and** | ) | |
| **SEAN M. RITZ,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### COMPLAINT FOR DECLARATORY JUDGMENT

Now comes the Plaintiff, PEKIN INSURANCE COMPANY, by its attorneys, Burgland Law, LLC, and for its Complaint for Declaratory Judgment against the Defendants, GOLDEN TREE, LLC, SAMUEL MARTINEZ, III, and SEAN M. RITZ, alleges the following:

#### NATURE OF ACTION

1.     This is an action arising under the Declaratory Judgment Act, 28 U.S.C § 2201. Pekin Insurance Company ("Pekin") seeks a declaration that the policy of insurance it issued to Golden Tree, LLC ("Golden Tree"), does not provide coverage for Golden Tree and its President, Samuel Martinez, III, for an underlying personal injury lawsuit, which is currently pending in the Marion County, Indiana, under Cause No. 49D01-2307-CT-028431.

#### PARTIES

2.     Pekin is an Illinois insurance corporation organized under the laws of Illinois,

with its principal place of business in Pekin, Illinois.

3.     Golden Tree is a limited liability company organized under the laws of Indiana, with its principal place of business in Indianapolis, Indiana.

4.     Samuel Martinez, III is a citizen and resident of the State of Indiana. Martinez is the President and sole member of Golden Tree.

5.     Sean M. Ritz is a citizen of the State of Indiana who is a nominal but necessary party to this action.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and the Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7.     This Court has power to grant the relief sought by Pekin under 28 U.S.C. § 2201.

8.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events giving rise to the claim occurred in this district.

## THE UNDERLYING ACTION

9.     On July 20, 2023, Ritz filed a complaint against Martinez and Golden Tree seeking damages in connection with an incident occurring on March 22, 2023, at 5993 Medora Dr., Indianapolis, Indiana.

10.     In his complaint, Ritz alleges that Golden Tree hired him to work as an "independent contractor," and in the course of his work for Golden Tree on March 22, 2023, a tree limb fell and caused him to sustain serious and permanent injuries.

11.     Ritz alleges that on March 22, 2023, Martinez was acting in the course and scope of his business and agency with Golden Tree when he was up in a tree and cutting a limb.

12.     Ritz alleges that he was on the ground assisting when the tree limb fell from the tree.

13.     Ritz alleges that Martinez was negligent in the manner in which he cut the tree limb and in how the tree limb was tied off resulting in serious and permanent injuries to him.

14.     In the underlying action, Martinez testified that he was in charge of the work on March 22, 2023, that he decided when and how the work would be done, and that he was responsible for safety on the job.

15.     Martinez testified that he had the authority to stop the work if he saw someone doing something unsafe.

16.     Martinez testified that he provided Ritz with safety and general arborist training.

17.     Martinez testified that he specifically instructed Ritz how to rig a tree with a portawrap device and that he went over the plan with Ritz before the accident occurred.

18.     Martinez testified that Ritz was the operator of the portawrap and rope at the time of the accident.

19.     Ritz testified that prior to working for Golden Tree, he had not worked as an arborist.

20.    Ritz testified that he had worked for Golden Tree on three occasions prior to the job on which he was injured.

21.    Ritz testified that he was working full-time at a restaurant when the accident occurred.

22.    Ritz testified that he was holding the rope to the portawrap while Martinez was up in the tree cutting limbs.

23.    Ritz testified that he wrapped the rope around the bottom of the portawrap and asked Martinez if it looked good or if that was enough wrapping.

24.    Ritz testified that he had not used the portawrap many times and was not exactly sure what the process was supposed to look like.

25.    On March 22, 2023, Golden Tree supplied all of the tools for the tree services performed at 5993 Medora Dr., Indianapolis, Indiana.

**THE PEKIN POLICY**

26.    Pekin issued a certain Commercial Lines policy of insurance numbered CL0243515 to Golden Tree LLC, as named insured for the policy period from June 21, 2022 to June 21, 2023.

27.    The Pekin policy contains a Commercial General Liability Form, CG 00 01 10 01, which provides, in part, as follows:

**SECTION I - COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.    Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

**(1)** The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and

**(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages **A** and **B**.

28. The Pekin policy contains an employer's liability exclusion which provides, in pertinent part, as follows:

**2.    Exclusions**

This insurance does not apply to:

******

**e.  Employer's Liability**

"Bodily injury" to:

**(1)**    An "employee" of the insured arising out of and in the course of:

**(a)**    Employment by the insured; or

5

**(b)** Performing duties related to the conduct of the insured's business; or

**(2)** The spouse, child, parent, brother or sister of that "employee" as consequence of Paragraph (1) above.

This exclusion applies:

**(1)** Whether the insured may be liable as an employer or in any other capacity; and

**(2)** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

The exclusion does not apply to liability assumed by the insured under an "insured contract".

29.     The Pekin policy defines the terms "employee," "leased worker," and "temporary worker" as follows:

"Employee" includes a "leased worker." "Employee" does not include a "temporary worker".

"Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

"Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

## COUNT I
### (DECLARATORY JUDGMENT RE: NO DUTY TO DEFEND)

30.     Pekin adopts and repeats the allegations of ¶¶ 1 through 29 as and for ¶ 30 hereof as though the same were fully set forth herein.

6

31.     Pekin contends that the allegations and the damages alleged by Ritz are not covered under the Pekin policy and that Pekin is not obligated to defend Martinez and Golden Tree by reason of one or more of the following:

(a)    That at the time of the underlying accident, Ritz was an "employee" of Golden Tree, and therefore, any bodily injury to Ritz is excluded from policy coverage by Exclusion 2.e.

32.     The above contentions of Pekin are, on information and belief, denied by Martinez and Golden Tree, which, in turn, contend that the damages sought and the allegations contained in the underlying action are covered under the Pekin policy. Pekin, in turn, denies the contrary contentions of Martinez and Golden Tree and each of them.

### PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, PEKIN INSURANCE COMPANY, prays that this Court enters judgment finding and declaring the rights of the parties as follows:

### AS TO COUNT I:

A.     That Pekin Insurance Company has no duty or obligation to defend Golden Tree, LLC and Samuel Martinez, III, under policy numbered CL0243515, for the complaint which is currently pending in the Marion County, Indiana, under Cause No. 49D01-2307-CT-028431.

B.     That the Court grant Pekin Insurance Company such other and further relief as the Court deems fit and just under the circumstances.

C.     That Pekin Insurance Company be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

Respectfully submitted:

BURGLAND LAW, LLC

BY: */s/ Richard M. Burgland*

Richard M. Burgland
IL Bar No. 6289146
BURGLAND LAW, LLC
89 N. Edgewood Ave.
La Grange, Illinois 60525
(773) 294-7743
rmb@burglandlaw.com
*Attorneys for Plaintiff*